IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAMELA A. BARBIN,                  )
                                   )
              Plaintiff,           )
                                   )
     v.                            ) Civil Action No. 04-239J
                                   )
JO ANNE B. BARNHART,               )
COMMISSIONER OF                    )
SOCIAL SECURITY,                   )
                                   )
              Defendant.           )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this $27^{\underline{\text{th}}}$ day of March, 2006, upon due consideration

of the parties' cross-motions for summary judgment pursuant to

plaintiff's request for review of the decision of the Commissioner

of Social Security ("Commissioner") denying plaintiff's

application for supplemental security income ("SSI") under Title

XVI of the Social Security Act ("Act"), IT IS ORDERED that the

Commissioner's motion for summary judgment (Document No. 13) be,

and the same hereby is, granted and plaintiff's motion for summary

judgment (Document No. 11) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an

obligation to weigh all of the facts and evidence of record and

may reject or discount any evidence if the ALJ explains the

reasons for doing so.  Plummer v. Apfel, 186 F.3d 422, 429 (3d

Cir. 1999).  Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry

differently.  Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir.

2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed an application for SSI on October 16, 2002, alleging disability due to degenerative disc disease, depression and panic attacks. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on September 12, 2003, at which plaintiff appeared represented by counsel. On October 29, 2003, the ALJ issued a decision finding that plaintiff was not disabled. The Appeals Council denied plaintiff's request for review on September 9, 2004, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 48 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff has a high school education through a general equivalency degree. Plaintiff has past relevant work experience as a prep cook and credit card interviewer, but she has not engaged in substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing,

the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of degenerative disc disease of the cervical, lumbar and thoracic spine, status post ankle fracture, status post greater tuberosity fracture of the left shoulder, status post left shoulder arthroscopy, rotator cuff repair and metal removal, history of pneumonia and pulmonary emboli, major depressive disorder and anxiety disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of sedentary work with a number of limitations. Plaintiff must avoid balancing, stooping, kneeling, crouching, crawling and climbing, as well as pushing and pulling with the upper and lower extremities to include operation of hand levers or foot pedals. Plaintiff also must avoid overhead reaching, as well as lifting with her left arm. In addition, she must avoid any environment with poor ventilation, extreme wetness, humidity and temperate extremes. Further, plaintiff is limited to simple, routine, repetitive tasks that are not performed in a production or quota based environment and that involve only simple work-related decisions. Finally, plaintiff is limited to only occasional interaction with supervisors and co-workers and no interaction with the public (collectively, the "RFC Finding").

Based on the vocational expert's testimony, the ALJ concluded that plaintiff could not perform her past work. However, the ALJ found at step 5 of the sequential evaluation process that plaintiff's age, educational background, work experience and residual functional capacity permit her to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a surveillance system monitor, nut sorter or ticket taker. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether

- 4 -

the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary.   20 C.F.R. §416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process.  At step 5, the ALJ must determine whether there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity.  20 C.F.R. §416.920(g)(1).  Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §416.945(a)(1); Fargnoli, 247 F.3d at 40.  In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions.  20 C.F.R. §416.945(a)(4).

Here, plaintiff challenges the ALJ's findings on the following grounds: (1) the ALJ improperly substituted his own medical opinion for those of plaintiff's treating physicians; (2) the ALJ improperly disregarded plaintiff's subjective complaints regarding her limitations; and (3) the ALJ's hypothetical question

- 5 -

to the vocational expert did not include all of plaintiff's limitations.  Plaintiff's claims will be addressed in turn.

Plaintiff first contends that the ALJ improperly substituted his own medical opinion for those of her treating physicians. According to plaintiff, all doctors who have treated her for back problems have concluded that she has severe degenerative disc disease, but the ALJ found that her spinal problems were based on minimal objective findings.[1]  Contrary to plaintiff's argument, the ALJ found her degenerative disc disease to be a severe impairment, but he did not find it to be disabling.  The ALJ discussed the medical evidence with regard to plaintiff's back problems, including the results of MRI exams, records of physical examinations by her primary care physician, her medications and the treatment plaintiff has undergone, including the fact that she was non-compliant with physical therapy.  (R. 18-19).  The ALJ concluded that this medical evidence did not indicate that plaintiff's degenerative disc disease is disabling.  (R. 20). After reviewing the record, the court concludes that the ALJ thoroughly considered the evidence concerning plaintiff's back problem, and his decision that her back problem is not disabling is based on substantial evidence.

---

[1]According to plaintiff, the ALJ described her spinal problems as being based on minimal objective findings.  To clarify, that is not what the ALJ found.  Rather, the ALJ stated that plaintiff's primary care physician's records "contain little in the way of objective findings upon physical examination."  (R. 18).  That was one item of evidence the ALJ considered in concluding plaintiff's back problem was not disabling.

Plaintiff's next argument is that the ALJ failed to consider her subjective complaints regarding her limitations. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999).

In evaluating plaintiff's complaints, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, plaintiff's medications and the extent of her treatment, plaintiff's own statements about her symptoms and statements by her treating and examining physicians and others about her symptoms and how they affect her. See 20 C.F.R. §416.929(c)(1); Social Security Ruling 96-7p. As required by 20 C.F.R. §416.929(c)(4), the ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work. The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability. Accordingly, the ALJ determined that plaintiff's testimony regarding her limitations was not entirely credible. (R. 25). This court finds that the ALJ adequately explained the basis for his credibility

determination in his decision (R. 18-20, 21-23), and is satisfied that such determination is supported by substantial evidence.

Plaintiff's final argument is that the ALJ's hypothetical to the vocational expert was flawed because it did not include all of her limitations. Specifically, plaintiff maintains that the ALJ's hypothetical was deficient because it did not account for: (1) the ALJ's finding that she has moderate limitations in concentration, persistence or pace; (2) her contention that depression sometimes prevents her from leaving her house; and (3) her cervical disc disease. This argument lacks merit.

An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the ALJ's hypothetical incorporated all of plaintiff's limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding. Therefore, the ALJ's hypothetical to the vocational expert fairly set forth every credible limitation established by the evidence of record.

Nothing in the record suggests that any of the other limitations claimed by plaintiff should have been incorporated into the hypothetical. First, the ALJ accounted for plaintiff's moderate limitations in concentration, persistence and pace by restricting her to work that involves simple, routine, repetitive tasks, work that is not performed in a production or quota based environment and that involves only simple work-related decisions.

Despite these accommodations for plaintiff's mental limitations, she argues that the ALJ's hypothetical ran afoul of Ramirez v. Barnhart, 372 F.3d 546, 554 (3d Cir. 2004), in which the Third Circuit held that a limitation to simple one or two step tasks did not adequately account for the ALJ's observation that the plaintiff often suffered from deficiencies in concentration, persistence or pace. Id. The Ramirez court's particular concern was that the limitation to one or two step tasks did not take into account deficiencies in pace. Unlike Ramirez, in this case, the ALJ's hypothetical was more detailed than simple one or two step tasks. Here, the hypothetical went far beyond that, to preclude production or quota based work which would cover any problems plaintiff has with pace. In addition, the limitation to simple, routine, repetitive tasks and simple work-related decisions accounts for any problems plaintiff has with concentration.

Likewise, the ALJ accounted for plaintiff's cervical disc disease by limiting her to sedentary work that does not involve postural maneuvers, and that does not involve pushing and pulling with the upper extremities or overhead reaching.[2] Finally, with regard to plaintiff's contention that depression sometimes prevents her from leaving her house, the ALJ found that the medical evidence does not support her subjective allegation to that effect. (R. 22). As discussed above, the ALJ properly

---

[2]Plaintiff also argues on this point that she lacks the manual dexterity necessary to perform sedentary work. The medical evidence of record does not indicate that plaintiff has a problem with manual dexterity, thus this argument lacks merit.

evaluated plaintiff's subjective complaints, thus the ALJ was not required to include a limitation in the hypothetical that depression sometimes prevents her from leaving her house. Nonetheless, to the extent plaintiff claims she has trouble dealing with people because of depression, the ALJ limited her to work that involves only occasional interaction with supervisors and co-workers and no interaction with the public. For all of these reasons and those discussed above, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work that exists in significant numbers in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: David M. Axinn, Esq.
    Cohen, Axinn & Cohen
    P.O. Box 597
    Hollidaysburg, PA 16648

    John J. Valkovci
    Assistant U.S. Attorney
    224 Penn Traffic Building
    319 Washington Street
    Johnstown, PA 15901

AO 72A
(Rev.8/82)